JOHN ALLCOCK (Cal. Bar No. 098895)
SEAN C. CUNNINGHAM (Cal. Bar No. 174931)
EDWARD H. SIKORSKI (Cal. Bar No. 208576)
KATHRYN B. RILEY (Cal. Bar No. 211187)
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

M. ELIZABETH DAY (Cal. Bar No. 177125)
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303
Tel:  650.833.2000
Fax:  650.833.2001

STEVEN M. STRAUSS (Cal. Bar No. 99153)
JOHN S. KYLE (Cal Bar No. 199196)
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Tel:  858.550.5000
Fax:  858.550.6420

Attorneys for Plaintiff
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED<br><br>Plaintiffs,<br><br>v.<br><br>NOKIA CORPORATION and NOKIA INC.<br><br>Defendants.<br><br>AND ALL RELATED COUNTERCLAIMS | Case No.  05 CV2063-JLS (LSP) (Lead);<br>07 CV1366-JLS (LSP) (Consolidated)<br><br>**STIPULATED MOTION TO STAY THE ACTION**<br><br>**Judge: Janis L. Sammartino**<br><br>**Courtroom: 6** |

Plaintiff and Counterdefendant Qualcomm Incorporated, Plaintiff Snaptrack, Inc., and Defendants and Counterclaimants Nokia Corporation and Nokia, Inc. jointly move for a stay of all claims or counterclaims and all proceedings in the consolidated actions, including stay of any requirement to answer or otherwise respond to the pleadings in this action.  The parties

-1-

1 respectfully request that the action be stayed until entry of final judgment in International Trade
2 Commission Investigation No. 337-TA-578 (the "ITC Investigation").  For purposes of this
3 stipulation, "final judgment" shall have the same meaning as it does in the context of 28 U.S.C.
4 § 1659 — that is the judgment is "final" when it can no longer be appealed.  This stipulation shall
5 be without prejudice to any party's ability to seek additional stays.  The grounds for this motion
6 are:

7       The requested stay will serve judicial economy because three of the patents at issue in this
8 action are also at issue in the ITC Investigation.  This action and the pending ITC Investigation
9 are therefore likely to address numerous common issues regarding claim construction,
10 infringement, and invalidity.  The parties have completed trial of the ITC Investigation, and the
11 Administrative Law Judge issued his initial determination on December 12, 2007.  The target date
12 for the Commission's final determination is April 14, 2008.  Final determination in the ITC
13 Investigation may affect this action.

14       It is well settled that "the power to stay proceedings is incidental to the power inherent in
15 every court to control the disposition of the causes on its docket with the economy of time and
16 effort for itself, for counsel, and for litigation…"  *Landis v. North Amer. Co.*, 299 U.S. 248, 254
17 (1936).  This rule applies equally "whether the separate proceedings are judicial, *administrative*,
18 or arbitral in character, and does not require that *the issues in such proceedings are necessarily*
19 *controlling of the action before the court*."  *See Leyva v. Certified Grocers of California, Ltd.*,
20 593 F.2d 857, 863-864 (9th Cir. 1979); and *Chronicle Pub. Co. v. National Broadcasting Co.*,
21 294 F.2d 744, 749 (9th Cir. 1961) (concluding that granting a stay pending outcome of Federal
22 Communication Commission proceedings did not constitute an abuse of discretion).  In addition,
23 28 U.S.C. § 1659(a) specifically provides for a stay of district court actions pending an ITC
24 investigation involving the same issues.
25 IT IS HEREBY STIPULATED by and between the parties, and ordered by the Court that all
26 claims and counterclaims in the consolidated actions be stayed through entry of final judgment in
27 ITC Investigation No. 337-TA-578.  For purposes of this stipulation, "final judgment" has the
28 same meaning as it does in the context of 28 U.S.C. § 1659 — that is the determination is final"

when it can no longer be appealed.  No party shall be required to answer or otherwise respond to the claims or counterclaims in this action while the stay is in effect.  The stipulation for stay shall be without prejudice to any party's ability to seek additional stays.

Dated:  December 17, 2007			Respectfully submitted,

COOLEY GODWARD KRONISH LLP


By_____s/ John S. Kyle_____
    STEVEN M. STRAUSS (Cal. Bar No. 99153)
    JOHN S. KYLE (Cal Bar No. 199196)
    Attorneys for Plaintiff

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff and counsel for Defendants conferred on December 17, 2007 and Defendants do not oppose this motion.

_____s/ John S. Kyle_____
John S. Kyle

_____s/Patrick M. Shields_____
Patrick M. Shields

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV 5.4.  As such, this Motion was served on all counsel who have consented to electronic service.  Local Rule CV 5.4.  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV 5.4, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by United States mail, postage thereon fully prepaid, on this 17th day of December, 2007.

_____s/John S. Kyle_____
John S. Kyle

569528 v1/SD

-3-

CV NO.  05 CV2063-JLS (LSP)